NEWMAN, J., Dissenting.
The majority opinion, I fear, may chill commendable efforts of the State Bar to foster settlement procedures.
A stipulation, even when comprehensive, is not designed to serve as “the record below.” It rather reflects a bargain acceptable to both sides. Absent a record below, to increase penalties seems to me to be a risky business. (See dis. opn. of Bird, C. J. in Giovanazzi v. State Bar (1980) 28 Cal.3d 465, 479 [169 Cal.Rptr. 581, 619 P.2d 1005]: “[T]he economies made possible by the stipulation process could be lost if every attorney accused of misconduct felt impelled to insist on a formal evidentiary hearing on mitigating factors in anticipation of the prospect that this court might later decide to consider an increase in discipline.”)
Bird, C. J., concurred.
Petitioner’s application for a rehearing was denied February 11, 1981. Bird, C. J., was of the opinion that the application should be granted.